# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **EPIC IP LLC,**<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>**FAREPORTAL INC.,**<br><br>　　　　　　　　Defendant. | C.A. NO. _____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AGAINST FAREPORTAL INC.

Plaintiff Epic IP LLC files this Original Complaint for Patent Infringement against Fareportal Inc., and would respectfully show the Court as follows:

### I. THE PARTIES

1. Plaintiff Epic IP LLC ("Epic" or "Plaintiff") is a Texas limited liability company with its principal place of business at 300 Custer Road, Suite 270, Plano, Texas 75075.

2. On information and belief, Defendant Fareportal Inc. ("Defendant") is a corporation organized and existing under the laws of New York, with a place of business at 135 West 50 Street, Suite 500, New York, NY 10020.

### II. JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction of such action under 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the New York Long-Arm Statute, due at least to its business location and business in this forum, including at least a portion of the infringements

1

alleged herein.  Furthermore, Defendant is subject to this Court's specific and general personal jurisdiction because Defendant is a New York corporation.

5. Without limitation, on information and belief, within this state, Defendant has used the patented inventions thereby committing, and continuing to commit, acts of patent infringement alleged herein.  In addition, on information and belief, Defendant has derived revenues from its infringing acts occurring within New York.  Further, on information and belief, Defendant is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, maintaining a business location within this District, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in New York.  Further, on information and belief, Defendant is subject to the Court's personal jurisdiction at least due to its sale of products and/or services within New York.  Defendant has committed such purposeful acts and/or transactions in New York such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

6. Venue is proper in this district under 28 U.S.C. § 1400(b). On information and belief, Defendant is incorporated in New York and has a business location in this District.  On information and belief, from and within this District Defendant has committed at least a portion of the infringements at issue in this case.

7. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. § 1400(b).

### III.  COUNT I
### (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 6,434,599)

8. Plaintiff incorporates the above paragraphs herein by reference.

9. On August 13, 2002, United States Patent No. 6,434,599 ("the '599 Patent") was duly and legally issued by the United States Patent and Trademark Office.  The '599 Patent is titled

"Method and Apparatus for On-Line Chatting." A true and correct copy of the '599 Patent is attached hereto as Exhibit A and incorporated herein by reference.

10. Epic is the assignee of all right, title and interest in the '599 patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '599 Patent. Accordingly, Epic possesses the exclusive right and standing to prosecute the present action for infringement of the '599 Patent by Defendant.

11. The invention in the '599 Patent relates to methods and apparatuses for an improved on-line chatroom in order to provide "on-line users with enhanced chatting experience that is more closely related to their real world experience." (Ex. A at col. 1:55-57). Prior art on-line chatting required users to go to a pre-established on-line chat room and chat with users. (*Id.* at col. 1:23-25). The chat rooms were typically organized by subject matters, for example movies, TV shows, and social. (*Id.* at col. 1:25-28). Interest groups hosted these subject matter oriented chat rooms, such as video game players interest groups, or hosted by one of the portals such as Yahoo and MSNBC. (*Id.* at col. 1:28-31). In addition to the on-line chatrooms being pre-established and subject matter organized by characteristics, prior art chatrooms also typically shared a number of other common characteristics, such as the requirement of pre-registration and log-in, and scheduled chat times. (*Id.* at col. 1:32-36). The inventors found this chatroom structure too confining because it prevented the creation of new chatrooms by the user on whatever topics interested them. (*Id.* at col. 1:37-45). The inventors wanted users to be able to create their own chatrooms dynamically and without having to pre-register to obtain a user ID, password, schedule a time for the chatroom, or constrain the topic of conversation to the pre-established topic of the chatroom. (*Id.* at col. 1:49-54).

12. The inventors therefore created a method and apparatus by which on-line users visiting an information page could have the dynamic formation of a chat sessions to chat with a second on-line user related to the information page. (*Id.* at col. 1:60-63). The dynamic formation and chat session is facilitated by the information site. (*Id.* at col. 1:63-65).

13. The '599 patent was cited during the prosecution history of over one hundred patent and patent applications owned by companies including Apple, Facebook, Google, Microsoft, Sony, IBM, AT&T, Fujitsu, Siemens, Nintendo, Nokia, Yahoo!, AOL, Cisco, Casio, Verizon, British Telecom, and Research in Motion.

14. **Direct Infringement.** Upon information and belief, Defendant has been directly infringing at least claims 1-4 of the '599 patent in New York, and elsewhere in the United States, by performing actions comprising using or performing a method of on-line chatting that satisfies the steps of the claimed method, including without limitation through the method implemented using Defendant's chat feature ("Accused Instrumentality").

15. On information and belief, the Accused Instrumentality performs a method of on-line chatting using the "Live Help" feature on its website.



(*See* https://www.cheapoair.com/customersupport/).



(*Id.*).



(*Id.*).



(*Id.*).  The accused instrumentality facilitates a visit (*e.g.*, using a communications protocol, such as hypertext transfer protocol (http), employing TCP/IP as the underlying communications

protocol) by a first on-line user (*e.g.*, a user visiting defendant's website) to an information page of an information site (*e.g.*, https://www.cheapoair.com/customersupport/ and subpages).

16. The Accused Instrumentality facilitates dynamic formation of a chat session unaffiliated with any pre-established chat room for the first on-line user (*e.g.*, the user visiting Defendant's website) and a second on-line user (*e.g.*, customer support representative) to chat with each other. For example, upon a request by a first on-line user to chat with a customer service representative, Defendant's website creates a new chat session in a window for use between the user visiting Defendant's website and a customer support representative for Defendant's website. The user visiting Defendant's website and the customer support representative for Defendant's website chat with each other using the new chat session. Defendant's website has a computer script that corresponds to the initiation of the formation of a chat session between the first on-line user (*e.g.*, the user visiting defendant's website) and the second on-line user (*e.g.*, customer support representative). (https://www.cheapoair.com/customersupport/).

17. The Accused Instrumentality facilitates the chat session through which the first (*e.g.*, the user visiting Defendant's website) and second on-line users (*e.g.*, customer support representative) chat with each other. The Accused Instrumentality monitors the chat session, terminates the chat session when one or more of the chat participants have left the chat session, and delivers a transcript of the chat session.



(https://www.cheapoair.com/customersupport/).



(*See id.*).

18. The Accused Instrumentality facilitates dynamic formation of a chat session unaffiliated with any pre-established chat room by providing a mechanism (*e.g.*, chat icon) to the first on-line user (*e.g.*, the user visiting defendant's website) to initiate formation of the unaffiliated chat session. Once the first online user clicks the chat icon initiation of dynamic formation of chat session takes place.

19. The Accused Instrumentality provides a mechanism to the first on-line user (*e.g.*, the user visiting the Defendant's website) to initiate formation of an unaffiliated chat session comprises providing a selectable icon (*e.g.*, chat icon) for the first on-line user (*e.g.*, the user visiting the Defendant's website) to indicate the first on-line user's desire to chat with another non-particularized on-line user (*e.g.*, customer support representative that is not associated with any particular help problem).

20. The Accused Instrumentality provides a mechanism to initiate formation of the unaffiliated chat session further comprises providing one or more dialog panels for the first on-line user (*e.g.*, the user visiting the Defendant's website) to specify one or more descriptive characteristics (*e.g.*, name, phone number, email address) of the first on-line user (*e.g.*, the user visiting the Defendant's website).

21. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates Plaintiff for such Defendant's infringement of the '599 patent, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22. On information and belief, Defendant will continue its infringement of one or more claims of the '599 patent unless enjoined by the Court. Each and all of the Defendant's infringing

conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

23. On information and belief, Defendant has had at least constructive notice of the '599 patent by operation of law, and there are no marking requirements that have not been complied with.

## IV. JURY DEMAND

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 6,434,599 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 6,434,599; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

By:/s/Jean-Marc Zimmerman
Jean-Marc Zimmerman
Zimmerman Law Group
233 Watchung Fork
Westfield, New Jersey 07090
Tel:  (908) 768-6408
Fax: (908) 935-0751
jmz@zimllp.com

David R. Bennett
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com

Attorneys for Plaintiff Epic IP LLC

Dated: January 31, 2018